RENDERED:  MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0775-MR

CANDY ROGERS, AS MOTHER
AND NEXT FRIEND OF ZACHARY
ROGERS                                                                                  APPELLANT


                        APPEAL FROM JEFFERSON CIRCUIT COURT
v.                      HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
                        ACTION NO. 17-CI-000232


JULIE WILLIAMS                                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Candy Rogers, as Mother and Next Friend of Zachary Rogers, brings this appeal from a June 8, 2021, Memorandum and Order of the Jefferson Circuit Court granting summary judgment in favor of Julie Williams and dismissing the claims against her.  We affirm.

## BACKGROUND

The underlying relevant facts are as follows:

> In the fall of 2016, [Zachary] was a seventh grader at Frederick Law Olmsted Academy North ("Olmsted"), an all-boys middle school in the Jefferson County Public School System ("JCPS"). On the morning of December 16, 2016, between 11:20 and 11:50, [Zachary] and several other students were eating lunch in the cafeteria.

> Williams, the seventh-grade counselor, was one of three employees supervising the students in the cafeteria. She was at one end of the cafeteria facing the students and directly in front of [Zachary]. The other two supervisors, the assistant principal and security guard, were at the other end of the cafeteria, also facing the students. Williams was walking around the cafeteria. For a short period of time, she was sitting in front of the table where [Zachary], K.T., and another boy sat. The boys were being rambunctious. Williams told them to stop "clowning around." After a few minutes, she got up to walk to another part of the cafeteria. Within seconds, a fight broke out between [Zachary] and K.T. The assistant principal and security guard rushed over and broke up the fight, separating the boys. Immediately, [Zachary] went to the office, utilized an ice pack, and waited for his mother to pick him up. . . .

*Williams v. Rogers, as Mother and Next Friend of Z.R.*, No. 2017-CA-001945-MR, 2019 WL 2157576, at *1-2 (Ky. App. May 17, 2019) (footnotes omitted). Zachary was subsequently taken to Norton Children's Hospital where it was determined that he suffered multiple fractures to his face.

On January 12, 2017, Candy Rogers, as Mother and Next Friend of Zachary Rogers, filed a complaint in Jefferson Circuit Court (Action No. 17-CI-

000232) against, *inter alios*, the school principal, the assistant principal, and Williams. Relevant to this appeal, Rogers asserted claims against the three defendants for negligence and negligent supervision. The principal, the assistant principal, and Williams filed a motion for summary judgment arguing that qualified official immunity barred Rogers' claims. The circuit court ultimately granted partial summary judgment dismissing the claims against the principal and the assistant principal; however, the court denied summary judgment as to Williams.

In denying summary judgment as to Williams, the circuit court determined that Williams was performing a ministerial act while supervising the students; thus, she was not entitled to qualified official immunity. Williams pursued a direct appeal to this Court (Appeal No. 2017-CA-001945-MR) from the circuit court's interlocutory order denying her motion for summary judgment. This Court affirmed the circuit court's order denying summary judgment as to Williams. The Kentucky Supreme Court denied discretionary review.

As Williams was not entitled to qualified official immunity, Williams and Rogers then engaged in additional discovery regarding Rogers' claims for negligence and negligent supervision. Williams subsequently filed another motion for summary judgment claiming she did not breach any duty owed to Zachary and that the altercation between Zachary and K.T. was not reasonably foreseeable.

By Memorandum and Order entered June 8, 2021, the circuit court granted summary judgment in favor of Williams on the claims for negligence and negligent supervision. The circuit court held that Zachary's "injuries were not foreseeable and there is no causal link between any action or omission on the part of Williams and [Zachary's] claimed injuries. Accordingly, Williams cannot be held liable for [Zachary's] injuries as a matter of law." June 8, 2021, Memorandum and Order at 11. Rogers' claims against Williams were dismissed with prejudice. This appeal follows.

STANDARD OF REVIEW

Our standard of review upon appeal of a summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rules of Civil Procedure (CR) 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the nonmoving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). As if there are no factual issues, a summary judgment looks only to questions of law and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co.*

*v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011).

Rogers contends the circuit court erred by granting summary judgment in favor of Williams. More particularly, Rogers contends the circuit court erred by determining that Williams owed no duty of care to Zachary as the altercation between Zachary and K.T. was not foreseeable. In other words, Rogers asserts the circuit court failed to address genuine issues of material fact that were germane "to the issue of foreseeability of harm as an element of the duty of care in Rogers' negligence and negligent supervision claim(s)[.]" Rogers' Brief at 19. Our review proceeds accordingly.

## ANALYSIS

It is well established that in order to prevail upon a claim of negligence, a plaintiff must demonstrate "(1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016). And, although duty may be established in various ways, ultimately the decisive factor is foreseeability. *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009) (citation omitted); *see also Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). And, whether a duty is owed is a question of law for the court to

decide. *Pathways, Inc.,* 113 S.W.3d at 89.[1] It is equally well settled that a teacher may be liable for injuries caused by his or her negligent supervision and must take "all reasonable steps to prevent foreseeable harm to its students." *Williams v. Ky. Dep't of Educ.*, 113 S.W.3d 145, 148 (Ky. 2003). As Rogers' claims of negligence and negligent supervision hinge upon foreseeability, our focus shifts there.

It has been said generally that every person "owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Burnett*, 302 S.W.3d at 686 (citation omitted). And, as this Court pointed out in *Burnett* "[a]lthough *foreseeability* tends to be elusive in definition, perhaps most famously, Judge Cardozo stated on the subject of *duty* that '[t]he risk reasonably to be perceived defines the duty to be obeyed[.]'" *Id*. at 686 (quoting *Palsgraf v. Long Island R.R. Co.*, 162 N.E. 99, 100 (N.Y. 1928)). As to foreseeability in a negligent supervision claim, the court should only consider the facts that the defendant "knew, or should have known, about before the incident at issue." *Hugenberg v. W. Am. Ins. Co./Ohio Cas. Grp.*, 249 S.W.3d 174, 182 (Ky. App. 2006).

---

[1] This Court is cognizant of the ruling in *Shelton v. Kentucky Easter Seals Society*, 413 S.W.3d 901 (Ky. 2013) where the Supreme Court arguably moved any from analyzing foreseeability as a matter of law under the duty prong of negligence, but rather under the breach prong. However, *Shelton*, 413 S.W.3d 901, is a premises liability case that involved an analysis of open and obvious risks, and to date is limited in application to premises actions of alleged negligence against landowners and landlords. Accordingly, we do not believe it is applicable to this case.

In the case *sub judice*, based on the record on appeal, we agree with the circuit court that the altercation between Zachary and K.T. was not reasonably foreseeable by Williams. It is undisputed that neither Zachary nor K.T. had ever been involved in any incidents at school that would put Williams on notice of a potential physical altercation. Also, it is uncontroverted that neither Zachary nor K.T. had ever been involved in a fight at school, had any history of disciplinary issues, or had engaged in the sort of behavior that would put Williams on notice of a possible physical altercation. There was certainly nothing in the record to indicate that Williams knew or should have known that a physical altercation might occur between Zachary and K.T. In the absence of foreseeability, there was simply no duty upon Williams to anticipate the physical altercation that occurred. As the undisputed facts reflect the altercation between Zachary and K.T. was not reasonably foreseeable by Williams, we believe the circuit court properly granted summary judgment in favor of Williams and dismissed Rogers' claims for negligence and negligent supervision against Williams.

For the foregoing reasons, the Memorandum and Order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrew E. Mize
Louisville, Kentucky

BRIEF FOR APPELLEE:

Mark S. Fenzel
Matthew P. Dearmond
Louisville, Kentucky